Jared Dennis Hunsaker, Esq. (No. 13449)
Attorney at Law
2836 W. Silverbrook Ct.
Lehi, Utah 84048
Telephone: (435) 214-6109
E-mail: jaredsaker@gmail.com

Attorney for Debtor G3 Solar, LLC

## THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>**G3 SOLAR, LLC,**<br><br><br>Debtor. | Bankruptcy Case No. 26-23517<br><br>(Chapter 7)<br><br><br>Judge Michael F. Thomson |

## DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE

Debtor G3 Solar, LLC ("Debtor"), by and through its undersigned counsel, respectfully submits this Objection to the Trustee's Notice of Motion and Motion to Dismiss Chapter 7 Case (the "Motion") filed by Mark C. Rose, the Chapter 7 trustee (the "Trustee"), on July 13, 2026 Docket No. 7. The Motion seeks dismissal under 11 U.S.C. § 707(a) on the sole ground that the Debtor did not appear at the meeting of creditors under 11 U.S.C. § 341. As set forth below, the Debtor's non-appearance resulted from counsel and the Debtor not accessing the correct document that stated the time of the meeting, the emails regarding the meeting and the online web conference instructions did not state a time meeting, and not from any failure or refusal by the Debtor to fulfill its obligations. Cause for dismissal does not exist, and the Motion should be denied. In support, the Debtor states as follows:

## <u>BACKGROUND</u>

1. The Debtor is the debtor in the above-captioned Chapter 7 case. The undersigned appears as counsel of record for the Debtor.

2. A meeting of creditors under 11 U.S.C. § 341 (the "341 Meeting") was set for July 13, 2026. The notice and Zoom invitation for the 341 Meeting stated the date of the meeting but did not state the time at which the meeting would be held.

3. Tyrell Gray is the authorized representative of the Debtor designated to appear and be examined at the 341 Meeting on the Debtor's behalf. Mr. Gray was ready, willing, and available to appear at the 341 Meeting on July 13, 2026, and was awaiting confirmation of the meeting time so that he could attend.

4. Because the notice omitted the meeting time, on the morning of July 13, 2026, the undersigned e-mailed the Trustee (and copied the Court's designated address) to ask what time the 341 Meeting would be held and whether the Trustee needed anything from the Debtor before the meeting. A true and correct copy of that e-mail is attached as Exhibit A and is authenticated by the Declaration of Jared Dennis Hunsaker submitted herewith.

5. The Trustee responded but it was after the meeting was set to occur, and the Debtor did not receive notice of the meeting time until the time had passed. As a result, neither the Debtor's representative nor counsel was able to appear at the 341 Meeting at the correct time.

6. Later that same day, July 13, 2026, the Trustee filed the Motion, seeking dismissal on the ground that the Debtor "did not appear" at the 341 Meeting.

## ARGUMENT

**A.      Dismissal Under § 707(a) Requires "Cause," Which the Trustee Bears the Burden to Establish.**

A Chapter 7 case may be dismissed under 11 U.S.C. § 707(a) only "for cause." The statute lists examples of cause, including "unreasonable delay by the debtor that is prejudicial to creditors," but the party moving for dismissal bears the burden of demonstrating that cause exists. The determination is committed to the sound discretion of the Court and turns on the totality of the circumstances. A single, excused failure to appear—particularly one caused by a defective notice rather than by the debtor's neglect—does not establish cause for the extraordinary remedy of dismissal.

**B.      The Debtor's Non-Appearance Was Caused by counsel not accessing the correct Notice and the E-mails about the meeting Omitted the Time.**

The sole basis for the Motion is that the Debtor did not appear at the 341 Meeting. But the Debtor could not appear at the correct time because the emailed notice and Zoom invitation for the 341 Meeting did not state a time. A debtor cannot attend a meeting whose time it has not been given. The omission of the meeting time in the emails is a defect in the notice, and non-appearance that results from a defective notice is not a failure or refusal by the Debtor to discharge its duties. On these facts, the Debtor's non-appearance is excused and does not constitute cause under § 707(a).

**C.      The Debtor Acted Diligently and in Good Faith to Attend the Meeting.**

Far from disregarding its obligations, the Debtor acted diligently to attend. The Debtor's authorized representative, Tyrell Gray, was ready and available to appear and was awaiting only

the meeting time. Upon recognizing that the notice omitted the time, counsel promptly e-mailed the Trustee on the morning of the meeting to request the time and to ask whether anything was needed from the Debtor in advance. The Trustee did not respond before the meeting. The Debtor thus did everything within its control to appear, and its inability to do so is attributable to the missing time in the notice and the absence of a response from the Trustee—not to any unreasonable delay, bad faith, or prejudice to creditors. This diligence confirms that dismissal is neither warranted nor equitable.

**D.      The Appropriate Remedy Is to Reschedule the 341 Meeting With Proper Notice.**

Where a debtor has missed a meeting of creditors for good cause, the ordinary and appropriate course is to continue or reschedule the meeting, not to dismiss the case. The Debtor stands ready to appear at a properly noticed 341 Meeting through its authorized representative and to cooperate fully with the Trustee. Rescheduling the meeting with notice of both the date and the time fully protects the interests of the Trustee, the creditors, and the estate, and avoids the prejudice that dismissal would work upon the Debtor. Dismissal, by contrast, is a drastic remedy that is unnecessary on these facts.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Debtor respectfully requests that the Court: (i) deny the Trustee's Motion to Dismiss; (ii) direct that the meeting of creditors under 11 U.S.C. § 341 be rescheduled and that notice of the rescheduled meeting state both the date and the time of the meeting; and (iii) grant such other and further relief as the Court deems just and proper.

DATED this 5th day of August, 2026.

/s *Jared Hunsaker*
Jared Dennis Hunsaker, Esq.
Attorney for Debtor G3 Solar, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of August, 2026, I caused a true and correct copy of the

foregoing DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO DISMISS CHAPTER 7

CASE to be served through the Court's CM/ECF electronic filing system upon all parties

registered to receive such notice in this case, including the following, and by e-mail and/or U.S.

Mail upon any party not so registered:

Mark C. Rose
Ray Quinney & Nebeker P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
E-mail: mrose@rqn.com
Chapter 7 Trustee

United States Trustee
Office of the United States Trustee
405 South Main Street, Suite 300
Salt Lake City, Utah 84111

/s Jared Hunsaker
Jared Dennis Hunsaker, Esq.

Jared Dennis Hunsaker, Esq. (No. 13449)
Attorney at Law
2836 W. Silverbrook Ct.
Lehi, Utah 84048
Telephone: (435) 214-6109
E-mail: jaredsaker@gmail.com

Attorney for Debtor G3 Solar, LLC

## THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

In re:

|  |  |
|---|---|
| **G3 SOLAR, LLC,** | Bankruptcy Case No. 26-23517 |
| Debtor. | (Chapter 7) |
|  | Judge Michael F. Thomson |

### DECLARATION OF JARED DENNIS HUNSAKER IN SUPPORT OF DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE

I, Jared Dennis Hunsaker, declare as follows:

1. I am an attorney licensed to practice law in the State of Utah (Bar No. 13449) and am counsel of record for the Debtor, G3 Solar, LLC, in the above-captioned Chapter 7 case. I have personal knowledge of the matters stated in this Declaration and, if called as a witness, could and would testify competently to them.

2. The meeting of creditors under 11 U.S.C. § 341 was set for July 13, 2026. The notice and Zoom invitation that was emailed to me for the meeting stated the date of the meeting but did not state the time at which the meeting would be held.

3. Tyrell Gray is the authorized representative of the Debtor designated to appear on its behalf at the meeting of creditors. Mr. Gray was ready and available to appear on July 13, 2026, and was awaiting confirmation of the meeting time to attend.

4. On July 13, 2026, because the emailed notice I received did not state a time, I sent an e-mail to the Trustee, Mark C. Rose, and to the Court's designated e-mail address, asking what time the meeting would be held that day and whether the Trustee needed anything from the Debtor prior to the meeting. Attached as Exhibit A is a true and correct copy of those e-mails.

5. The Trustee responded to my e-mail, stating that the Notice of Chapter 7 bankruptcy stated the meeting was at 8:30 AM but neither I nor the Debtor accessed that notice that had the meeting time. As a result, the Debtor's representative who was available to appear was unable to at the meeting at the correct time, as I did not realize that I needed to access the Notice on the Pacer website, that had the time listed. Attached as Exhibit A is a true and correct copy of those e-mails.

6. The Debtor is ready and willing to appear, through its authorized representative, at a rescheduled meeting of creditors that is noticed with both a date and a time, and to cooperate fully with the Trustee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of August, 2026.

/s Jared Hunsaker
Jared Dennis Hunsaker

# EXHIBIT A

July 13, 2026 E-mails from Counsel to Chapter 7 Trustee



Jared Hunsaker <jaredsaker@gmail.com>

---

### (Ch 7) MFT 26-23517 First Meeting (Chapter 7)

**Jared Hunsaker** <jaredsaker@gmail.com>                    Mon, Jul 13, 2026 at 10:47 AM
To: trustee.mrose@rqn.com, UT32@ecfcbis.com

Hi Mr. Rose,

The 341(a) meeting for G3 Solar bankruptcy is scheduled for today, but there is no time indicated in the email.

What time will the Zoom meeting be held today? And, do you need anything from me, prior to the meeting?

Best regards,
[Quoted text hidden]
--

 **Gmail**

**Jared Hunsaker <jaredsaker@gmail.com>**

## (Ch 7) MFT 26-23517 First Meeting (Chapter 7)

**Jared Hunsaker** <jaredsaker@gmail.com>                                 Mon, Jul 13, 2026 at 12:57 PM
To: trustee.mrose@rqn.com, UT32@ecfcbis.com

Hi Mr. Rose,

I am counsel of record for the Debtor, G3 Solar, LLC, in the above-referenced case. I write regarding your Motion to Dismiss filed today in Case No. 26-23517, which is premised on the Debtor's non-appearance at the July 13, 2026 meeting of creditors.

I want to raise a resolution before this proceeds further. The notice and Zoom invitation for the meeting stated the date but did not state a time. The Debtor's authorized representative, Tyrell Gray, was ready and available to appear and was awaiting the meeting time. At 10:47 a.m. this morning I emailed you (and the Court's designated address) to request the time and to ask whether you needed anything from the Debtor in advance; I did not receive a response before the meeting. The Debtor's inability to appear was therefore attributable to the missing time in the notice rather than to any failure on the Debtor's part.

The Debtor is prepared to appear through Mr. Gray at a properly noticed meeting and to cooperate fully with your administration of the estate. Rather than litigate the Motion, I would propose that we stipulate to continue the 341 meeting to a mutually convenient date and time, with the Motion to Dismiss withdrawn accordingly. I'm glad to draft a stipulation and proposed order for your review and to provide any documents or information you'd find helpful beforehand.

Please let me know whether that approach is agreeable and a few dates and times that suit your calendar. If we're able to reach agreement, I don't anticipate any need to burden the Court with a contested hearing - attached is the declaration that I would file if needed - that outlines the facts as recited above.

I appreciate your time and look forward to your response.

Best regards,

Jared Dennis Hunsaker, Esq.
Attorney for Debtor G3 Solar, LLC
2836 W. Silverbrook Ct., Lehi, UT 84048
(435) 214-6109 | jaredsaker@gmail.com
[Quoted text hidden]

8/5/26, 12:30 PM                                Gmail - (Ch 7) MFT 26-23517 First Meeting (Chapter 7)

 Gmail                                Jared Hunsaker <jaredsaker@gmail.com>

**(Ch 7) MFT 26-23517 First Meeting (Chapter 7)**

**Jared Hunsaker** <jaredsaker@gmail.com>                          Mon, Jul 13, 2026 at 2:01 PM
To: MRose@rqn.com

   That was my email. It was after the 8:30 time anyways.

   I missed that document with the 8:30 time.

   If you think filing the objection is a better path forward than a stipulation to continue it to another time, I will just do that
   that and get a time from the court.

   Sorry for the confusion (clearly all on my end).

   Thanks,


   ---------- Forwarded message ---------
   From: **Jared Hunsaker** <jaredsaker@gmail.com>
   Date: Mon, Jul 13, 2026 at 10:47 AM
   Subject: Re: (Ch 7) MFT 26-23517 First Meeting (Chapter 7)
   To: <trustee.mrose@rqn.com>, <UT32@ecfcbis.com>


   [Quoted text hidden]

 **Gmail**                                                    **Jared Hunsaker <jaredsaker@gmail.com>**

## (Ch 7) MFT 26-23517 First Meeting (Chapter 7)

**Mark C. Rose** <mrose@rqn.com>                                   Mon, Jul 13, 2026 at 1:28 PM
To: Jared Hunsaker <jaredsaker@gmail.com>
Cc: "Mark C. Rose" <MRose@rqn.com>

Jared:

Thanks for your e-mail.  The attached Notice of Chapter 7 Bankruptcy Case clearly states the date, time, and location of today's meeting of creditors.  Additionally, I don't see any e-mail from you at 10:47 a.m. this morning.

I don't have any problem with the meeting being rescheduled and the case continuing, but I believe objecting to the motion to dismiss and having the court reschedule the meeting is the fastest and easiest way to resolve the matter.  If you object to the motion to dismiss, I am almost certain the court will deny my motion and reschedule the matter for a new first meeting of creditor.

Thanks.

**Mark C. Rose | Ray Quinney & Nebeker P.C.** | 36 South State Street, Suite 1400 | Salt Lake City, Utah 84111
Direct: +1 (801) 323-3390 | Facsimile: +1 (801) 532-7543 | www.rqn.com

This email is from a law firm and may contain privileged or confidential information.  Any unauthorized disclosure, distribution, or other use of this email and its contents is prohibited.  If you are not the intended recipient, please contact the sender and delete this email. Thank you.

**From:** Jared Hunsaker <jaredsaker@gmail.com>
**Sent:** Monday, July 13, 2026 1:00 PM
**To:** Mark C. Rose <mrose@rqn.com>
**Subject:** Fwd: (Ch 7) MFT 26-23517 First Meeting (Chapter 7)

[Quoted text hidden]

📄 **26-23517 341 Meeting Notice (see image for details) and BNC Certificate of Service. (related document(s)_doc First Meeting (Chapter 7)) Notice Date 06_19_2026. (Admin.).pdf**
74K